Curia, per

Frost, J.
It is elementary law that, by the contract of partnership, the partners acquire a joint interest in the effects of the partnership, and are constituted mutual agents for all purposes within the scope and objects of the partnership. After a dissolution, inter vivos, the joint interest of the partners continues in the partnership property; and the mutual agency is prolonged, with some qualifications not material to this case, until the affairs of the partnership are administered. A partnership is not completely dissolved until its affairs are closed. The possession of any part of the assets, by either partner, does not sever the joint property, nor vest a separate interest in him. If the partnership is dissolved by the death of one of the partners, or being otherwise dissolved, one of the partners afterwards *48 dies, the legal title to all the choses in action, which belonged to the partnership, becomes -vested in the survivor or survivors. If there be only one survivor, the settlement of the partnership is devolved on him. He must sue in his own name for the recovery of debts due to the partnership; and he only can be sued by the creditors of the partnership. The representative of a deceased partner has no legal interest or title in the choses in action which may have been in the possession of the deceased partner at the time of his death, and is liable to an action by the surviving partner for the recovery of them.
Consistently with these general principles, it cannot be disputed that, if Williamson’s note had remained in the possession of Jordan, uncollected, at the time of his death, Kinsler might, in an action of trover, have recovered it against Jordan’s administrator. The debts of the partnership were unpaid. Jordan held Williamson’s note under no assignment or transfer of his interest from Kinsler; but on a deposite by Kinsler of that and other notes, due to the partnership, and to Kinsler individually, for collection. The legal right of Kinsler, to Williamson’s note, was admitted by the administrator of Jordan, when he delivered to Kinsler the other partnership notes. They had all been deposited with Jordan by Kinsler, at the same time, and for the same purpose. There is no evidence, nor allegation even, that Jordan had any claim or interest in Williamson’s note which he had not in the rest. From this implied admission of Kinsler’s right to Williamson’s note proceeds the necessary concession, by Jordan’s administrator, that the amount collected by the defendant was wrongfully paid to him.
What defence can the defendant make to the plaintiff’s right to recover from him the amount tortiously paid to Jordan’s administrator?
The payment was not made without notice of the plaintiff’s claim. The defendant knew that Jordan had been the partner of Kinsler, 'and that Jordan was dead. He knew that William *49 son’s note was partnership property, for it was payable to Kins-ler & Jordan, and was collected under a judgment and execution, recovered in the copartnership name. The defendant, according to the report, had no evidence whatever of the severance of the joint interest by any transfer or assignment by Kinsler to Jordan. Jordan’s possession or the note warranted no presumption that it was his individual property, for that was entirely consistent with the fact, that it was partnership property. The defendant cannot plead, if he would admit, ignorance of the law that, by the death of Jordan, the legal interest in Williamson’s note became vested in Kinsler. Besides all this, the defendant had actual notice of Kinsler’s claim to the amount recovered, and yet wilfully paid it to Jordan’s administrator.
The defendant cannot plead that Jordan, as partner, had an agency, coupled with an interest, which might trsnsmit the note to his administrator. Jordan’s agency was deteimined by his death, and his joint interest became vested in Kinsler. When a deposite is made by a party, in a special character, as guardian, executor, or trustee, then, if the trust has terminated, as if the guardianship had ceased, or the executor renounced, and a new administrator appointed, the delivery should be to the party entitled to the right of property. If the infant has come of age, the delivery should be to him; or in case of the new administrator, the delivery should be to him: Story Bail. 83. In an action by the surviving partner, the defendant can no more plead a bailment by the deceased partner, than in an action by the executor, can the defendant plead a bailment by the testator.
The defendant cannot object that, being the bailee or agent of Jordan, the action cannot be maintained against him, but should have been brought against the administrator of the bailor. However it may have been formerly held, the right of the owner, in all cases, to recover his property against a person having no title, whether a bailee, or not, is now established: Story Bailm. 79 ; Wilson v. Anderton, 1 B. & Ad. 450. If the principal is a wrong-doer, the agent, however ipnocent in intention, who participates in the act, is a wrong-doer also: Story Agency, §397; *50 Perkins vs. Smith, 1 Wils. 329; Adamson vs. Jarvis, 4 Bing. 66. Jordan was a wrong-doer if he deposited Williamson’s note with the defendant, to be collected on his individual account.
If it be objected that no cause of action accrued to Kinsler & Jordan against the defendant, with respect to the amount of Williamson’s note, because it was collected after Jordan’s death, and so the action should have been brought by Kinsler in his own name; Kinsler’s styling himself “ survivor of Kinsler & Jordan,” may be treated as a descriptio personae, or rejected as sur-plusage.
The motion is granted.
Q’Neall, EvaNs and Warblaw, JJ., concurred.

Motion granted.